UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                                               CASE NO: 6:10-cr-137-Orl-28GJK

KORNEAL TOLLIVER

## ORDER

Before me is Defendant Korneal Tolliver's Amended Motion for Sentence Reduction (Doc. 133) under 18 U.S.C. § 3582(c)(2)[1] and Amendment 782 of the United States Sentencing Guidelines. The motion presents two interesting issues. First, the parties dispute whether a defendant who, at the original sentencing, received a 1-level reduction under USSG § 3E1.1(b) for acceptance of responsibility is entitled to that reduction if the offense level recalculated under the Amendment is below 16. Second, the parties dispute how I should calculate a reduction for substantial assistance under USSG § 5K1.1 in an Amendment 782 proceeding. After review of the parties' filings,[2] I conclude that Defendant is not entitled to a 1-level reduction for acceptance of responsibility under § 3E1.1(b) and that the calculation method proposed by the Government is an appropriate method for determining a substantial assistance reduction.

I.     **Background**

In 2011, I sentenced Defendant after he entered guilty pleas to Count One,

---

[1] This section allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission."

[2] These filings are: Defendant's Amended Motion (Doc. 133); the Government's Response (Doc. 135); and Defendant's Reply (Doc. 138).

Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base,[3] and Count Two, Using a Firearm During and in Relation to, and in Furtherance of, a Drug Offense.[4] At the sentencing hearing, I determined Defendant's Base Offense Level to be 16 under USSG § 2D1.1 for 4.2 grams of cocaine base. I then deducted 2 levels for acceptance of responsibility under USSG § 3E1.1(a)[5] and 1 level under § 3E1.1(b),[6] also for acceptance of responsibility, because Defendant promptly notified the Government of his intention to enter a guilty plea. The resulting Total Offense Level was 13. Defendant fell within Criminal History Category V, and the resulting sentencing range under the Guidelines was 30 to 37 months. Because Defendant provided substantial assistance to the Government, I granted a 4-level reduction under USSG § 5K1.1, resulting in an Offense Level of 9 and a range of 18 to 24 months. Ultimately, I sentenced Defendant to 18 months in prison on Count One, followed by a mandatory sentence on Count Two that is not at issue here.

The parties agree that under 18 U.S.C. § 3582(c)(2), USSG § 1B1.10, and Amendment 782, Defendant is eligible for a reduction to the sentence imposed in 2011.

---

[3] 21 U.S.C. §§ 846 & 841(b)(1)(C).

[4] 18 U.S.C. §§ 924(c)(1)(A)(ii) & 924(c)(2).

[5] This section instructs that "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease offense level by **2** levels." (Emphasis in original).

[6] This section states:

> If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by **1** additional level.

(Emphasis in original).

They also agree that in reducing the sentence, USSG § 1B1.10(b)(2)(B) allows me to take into account Defendant's substantial assistance and grant "a reduction comparably less than the amended guideline range." But there are two points of disagreement—(1) whether, in determining the amended guideline range under the Amendment, Defendant is entitled to the § 3E1.1(b) single-level reduction for promptly notifying the Government of his intention to enter a guilty plea, and (2) what is meant by the phrase "comparably less" as used in § 1B1.10(b)(2)(B).

## II.  Discussion

### A.  Applicability of the USSG § 3E1.1(b) 1-Level Reduction

USSG § 1B1.10(b)(1) instructs that in determining whether, and to what extent, to reduce a sentence, "the court shall determine the amended guideline range that would have been applicable to the defendant if the [amendment at issue] had been in effect at the time the defendant was sentenced." The parties disagree regarding Defendant's amended guideline range. This disagreement stems from a dispute over what Defendant's new Total Offense Level is, which in turn depends on whether Defendant is eligible for the 1-level reduction under § 3E1.1(b) when Amendment 782 is applied.

The § 3E1.1(b) reduction is available only to those whose "offense level . . . prior to the operation of subsection (a) [of § 3E1.1] is level 16 or greater." USSG § 3E1.1(b) (emphasis removed). At his original sentencing, under USSG § 2D1.1 Defendant had an Offense Level of 16 before the § 3E1.1(a) 2-level reduction, and therefore he was eligible for and received the additional 1-level reduction under § 3E1.1(b). When Amendment 782 is applied, however, Defendant's Base Offense Level is 14 rather than 16. The Government views this less-than-16 Offense Level as rendering Defendant ineligible for the additional § 3E1.1(b) 1-level reduction.

Defendant, on the other hand, argues that his "§ 3E1.1(b) acceptance of responsibility adjustment cannot be rescinded on a § 3582(c)(2) proceeding based on Amendment 782." (Doc. 138 at 2). Defendant notes that the policy statement in USSG § 1B1.10 explains:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. **In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline applications decisions unaffected.**

USSG § 1B1.10(b)(1) (emphasis added). Relying on the second sentence, Defendant argues that § 3E1.1(b) is not a "corresponding" guideline provision to Amendment 782 and that a sentencing court must "leave unaffected" its "decision" to apply the § 3E1.1(b) 1-level reduction.

Having considered the parties' positions with regard to the propriety of applying the 1-level reduction under § 3E1.1(b), I agree with the Government that the reduction is not applicable. When Amendment 782 is applied, Defendant's new Base Offense Level is 14, and with that new base offense level § 3E1.1(b) does not provide for a 1-level reduction. This is not a "guideline application decision" but instead the result of a straightforward application of Amendment 782 in the place of the "corresponding guideline provisions" that were applied at the original sentencing.

The Eleventh Circuit recently addressed a similar issue in <u>United States v. Michel</u>, No. 14-15483, 2015 WL 5573837 (11th Cir. Sept. 23, 2015). There, the defendant's starting offense level from the drug quantity table in USSG § 2D1.1(c) was 32 when he was

4

originally sentenced. He then received a 2-level reduction from 32 to 30 under USSG § 2D1.1(a)(5), which provides for a 2-level reduction if a defendant's offense level from the drug quantity table is 32 (and other criteria are met) but does not provide for any reduction if the offense level is lower than 32. Under Amendment 782, the defendant's offense level from the drug quantity table would be 30 rather than 32, and the Eleventh Circuit rejected the defendant's argument "that the district court erred when it . . . determined [in the Amendment 782 proceeding] that he was no longer eligible for the 2-point reduction in § 2D1.1(a)(5)(i)." Id. at *2. In doing so, the court noted that the defendant was "correct that Amendment 782 did not amend § 2D1.1(a)(5)(i)" but then explained that the redetermination of the guideline range using the new starting offense level of 30 rendered the 2-level reduction unavailable. Id. The result is the same here—Defendant's lower offense level after application of Amendment 782 precludes him from receiving the 1-level § 3E1.1(b) reduction.

This result is consistent with the purpose of § 3582(c)(2), which is to give "'the defendant an opportunity to receive the same sentence he would have received if the guidelines that applied at the time of his sentencing had been the same as the guidelines that applied after the amendment.'" Michel, 2015 WL 5573837, at *2 (quoting United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012)). And, "the defendant 'is not to receive a lower sentence than he would have received if the amendment had been in effect at the time of his sentencing.'" Id. (quoting Glover, 686 F.3d at 1206). Eligibility for the 1-level § 3E1.1(b) reduction can be—and is in this case—directly affected by the redetermination of the base offense level under Amendment 782. Cf. United States v. Dillon, 560 U.S. 817, 831 (2010) (concluding that in sentence reduction proceeding, the district court correctly

declined to address aspects of sentence that "were not affected by" the Sentencing Guidelines amendment at issue). Defendant does not receive the benefit of the 1-level reduction here because upon application of Amendment 782, his offense level is too low for that reduction to apply.

In light of this conclusion, Defendant's amended guideline range can now be calculated. Under Amendment 782, Defendant's Base Offense Level under § 2D1.1 is 14 instead of 16. From that Base Offense Level, a 2-level reduction is made under § 3E1.1(a), for a Total Offense Level of 12. Factoring in his Criminal History Category V, Defendant's guideline sentencing range under the Amendment is 27 to 33 months before considering Defendant's substantial assistance.

### B. A "Comparably Less" Substantial Assistance Reduction

USSG § 1B1.10(b)(2)(B) provides that "a reduction comparably less than the amended guideline range . . . may be appropriate" if, as in this case, the initial term of imprisonment imposed was below the guideline range pursuant to a substantial assistance motion. Defendant insists that I have discretion in choosing the method I use to determine a sentence under Amendment 782 that is "comparably less than the amended guideline range." This discretion, argues Defendant, would allow me to again grant a 4-level reduction for substantial assistance. Application of this method—the "levels" method—would bring Defendant's Total Offense Level down to 8, with a sentencing range of 15 to 21 months. The Government, on the other hand, insists that I must use the "percentage" method—i.e., that my discretion is limited to a departure no greater than the percentage of the reduction from the bottom of the original guideline range that was granted at the original sentencing. The bottom of the original range was 30 months, and the 18-month sentence was a 40% reduction. According to the Government, I lack authority to grant a reduction

for substantial assistance greater than 40% of 27 months—the bottom of the amended 27-to-33-month range. Awarding Defendant the maximum reduction under this approach would result in a reduced sentence of 16 months.

I need not decide whether I am required to determine a "comparably less" sentence using the percentage method rather than the levels method or any other method because, regardless of whether I am required to use it, the percentage method is an accepted method and I find it to be appropriate here. Application Note 3 to USSG § 1B1.10 uses the percentage method in an example explaining computation of a reduction for substantial assistance. See USSG § 1B1.10 cmt. n.3. The Eleventh Circuit has mentioned the example provided in Application Note 3. See United States v. Thomas, 360 F. App'x 4, 7 (11th Cir. 2010) (noting percentage departure applied at sentencing and referring to "the lowest sentence [the defendant] could have received at resentencing" after application of Application Note 3). And, even the Fourth Circuit case relied upon by Defendant does not mandate use of the "levels" method but instead discusses different reasonable methods that sentencing courts may possibly use, including the percentage method. See United States v. Fennell, 592 F.3d 506 (4th Cir. 2010). As earlier noted, applying a 40% reduction here yields a 16-month sentence, and Defendant's sentence will be reduced to that term.[7]

### III. Conclusion

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Amended Motion for Sentence Reduction (Doc. 133) is

---

[7] Assuming I have discretion to impose a sentence of less than 16 months for Count One in this case, I would not do so. A sentence of 16 months satisfies the requirements of Amendment 782 and USSG § 1B1.10.

**GRANTED in part** as set forth herein. Defendant's previously-imposed sentence of imprisonment (as reflected in the judgment (Doc. 89) dated April 21, 2011) on Count I of 18 months is **reduced** to 16 months.

2. Except as otherwise provided in this Order, all provisions of the judgment dated April 21, 2011 (Doc. 89)—including, but not limited to, the consecutive sentence of 84 months on Count II—shall remain in effect and are not affected by this Order.

3. Defendant's prior Amendment 782 motions (Docs. 120 & 125) were superseded by his Amended Motion (Doc. 133) and are **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida, on December 24, 2015.

---
JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Korneal Tolliver